# In the United States District Court for the Southern District of Georgia Waycross Division

NELSON MICKENS, JR.,

    Plaintiff,

v.

WILLIAM DANFORTH,

    Defendant.

5:23-cv-49

## ORDER

The Magistrate Judge issued a Report, recommending the Court grant Defendant's Motion to Dismiss and dismiss all pending claims based on Plaintiff's failure to exhaust his administrative remedies. Dkt. No. 35. Plaintiff objects to that recommendation.[1] Dkt. No. 36. For the following reasons, I **OVERRULE** Plaintiff's Objections.

In his Motion to Dismiss, Defendant argued Plaintiff failed to raise any issues related to threats, health, or safety in a grievance, though Plaintiff filed one grievance about his assignment to disciplinary segregation and three other grievances unrelated to this lawsuit. Additionally, Plaintiff's one grievance about his housing assignment was untimely. Plaintiff appealed the denial of this grievance, but the appeal was rejected

---

[1] Defendant filed a Response to Plaintiff's Objections, which I have also considered. Dkt. No. 39.

for raising numerous other issues. In response, Plaintiff listed a number of prison officials he "notified" about his claims.

Plaintiff filed a Response to Defendant's Motion to Dismiss, but he did not dispute he failed to grieve the health and safety issues giving rise to his claims. Plaintiff also did not dispute the fact his grievance was untimely.

The Magistrate Judge issued a Report and Recommendation on Defendant's Motion to Dismiss. In the Report, the Magistrate Judge determined Plaintiff failed to grieve the health and safety issues giving rise to the claims in Plaintiff's Amended Complaint. The Magistrate Judge thus recommended the dismissal of Defendant.[2]

In his Objections, Plaintiff argues—for the first time—administrative remedies were not available for him to properly grieve his claims at Coffee Correctional Facility ("CCF"). Plaintiff alleges a prison official told him he could not write a letter to the Central Office or file a grievance about his housing situation. Id. at 3. Plaintiff argues the grievance procedure was unknown to him because he was unable to access the law library. Id. at 6. Plaintiff argues the grievance procedure operated as a

---

[2] The Magistrate Judge also recommended the dismissal of other prison officials Plaintiff named in his Amended Complaint, though these officials were never added as party Defendants on the docket. Dkt. No. 35 at 1 n.1. The Magistrate Judge's analysis applies with equal force to any prison officials Plaintiff intended to name as Defendants. The Prison Litigation Reform Act requires Plaintiff to exhaust his available administrative remedies before bringing any action with respect to prison conditions. 42 U.S.C. § 1997e. Therefore, I **DISMISS** Plaintiff's claims against all Defendants in this action.

"dead end" because officials did nothing in response to his informal complaints. Id. at 3.

Plaintiff also restates his argument he informally notified multiple prison officials about threats to his health and safety in the segregation unit. Plaintiff argues this step followed the governing Standard Operating Procedures ("SOP") for grievances, which encourages inmates to resolve their conflicts by communicating informally with prison staff before filing a grievance. Id. at 11.

Plaintiff fails to raise a valid Objection about the unavailability of grievance procedures. The Court need not consider this argument because Plaintiff failed to present it in his briefing to the Magistrate Judge. See Williams v. McNeil, 557 F.3d 1287, 1292 (11th Cir. 2009) (approving district court's refusal to consider new argument set forth in objections where party had opportunity to present such argument to magistrate judge and failed to do so). Even if the Court did consider this new argument, it would not require a different outcome. The undisputed evidence shows Plaintiff filed at least four grievances during the nine months he was incarcerated at CCF. This record undermines Plaintiff's argument the grievance procedure was unavailable to him. Thus, this Objection is without merit.

Plaintiff's argument about his informal attempts to notify prison officials is also meritless. As the Magistrate Judge

3

explained, prisoners must do more than simply initiate grievances; they must appeal any denial of relief through all levels that comprise the administrative grievance process. Dkt. No. 35 at 5 (citing Bryant v. Rich, 530 F.3d 1368, 1378 (11th Cir. 2008)). Plaintiff failed to appeal his claims through every step of the grievance process, even if he attempted to raise them informally according to the SOP. Thus, this Objection is also without merit.

After an independent and de novo review of the entire record, I **CONCUR** with the Magistrate Judge's Report and Recommendation, **ADOPT** the Report and Recommendation as the opinion of the Court, and **OVERRULE** Plaintiff's Objections. I **GRANT** Defendant's Motion to Dismiss, **DISMISS** Plaintiff's Amended Complaint without prejudice, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff *in forma pauperis* status on appeal.[3]

**SO ORDERED**, this 11 day of March, 2024.

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[3] Plaintiff filed a form Application to Proceed in District Court Without Prepaying Fees or Costs on September 25, 2023. Dkt. No. 33. However, Defendant paid the District Court's filing fee upon removal of this case from the Superior Court of Coffee County. See Dkt. No. 1. Accordingly, I **DENY as moot** Plaintiff's application. To the extent Plaintiff requests leave to proceed *in forma pauperis* on appeal, I **DENY** Plaintiff *in forma pauperis* status on appeal.

4